ORIGINAL

United States District Court
Eeastern District of New York
-------------------------------------------------X
Bettie Paige                                  :

         Plaintiff

            - against -

AMENDED Complaint

**CV10-3773**

         Defendants

New York City Police Department
City of New York
Thomas Donohue, Det.           Jury trial
P. O. Congalosi                Demanded
P. O. Herbert Jarrod            :
-------------------------------------------------X



RECEIVED APR - 4 2011 PRO SE OFFICE

## Summary of Statement

1. This litigation is bought to vindicate a violation of Constitutional Rights under the Fouth Amendment.

2. Plaintiff affirm and state that all affirmation is true under penalty of perjury.

3. Bettie Paige, Plaintiff was violated of her right to freedom of movement 09/15/09 after being stopped by New York City Police under false pretext.

4. False arrest of plaintiff was made without Due Process.

5. Plaintiff was detained without cause for more than (2) hours by Police employed by the New York City Police Department.

6. Plaintiff was detained for more than (2) hours behind bars before being released.

7. Plaintiff seek remedy of relief from, intimidation, harassment, stalking, and wire surveillance.

## Jurisdiction

8. The court has jurisdiction and venue in the Eastern District over the matter of Constisutional laws.

10. Venue is proper, since the incident occured in the Eastern District.

## Parties

11. Plaintiff at all time is a residence in the county of Kings in the state of New York.

12. The defendant, the Police officers, Jarrod, and Conlosi are employed and was working in iniform at the time of said incident.

13. As plaintiff drove alone Fulton Street in Brooklyn, New

York with her family, she was, summoned to stop by the defendant who was driving in the opposite direction.

14. At time of incident defendant was indeed employed as an Officers and working for the City of New York Police Department.

15. The City of New Police Department is responsible for the behavior of Office who unlawfull violate citizens rights under the Constitution.

16. At time of seizures defendants behavior was unprofessional and disrespectful to plaintiff and family.

17. At one point the defendants became rough, and violent with plaintiff daughter and grandson.

18. After the arrest of plaintiff, a grandson, and her daughter plaintiff vehicle was searched on the streets, and driven to the Precinct (81) and parked on the ground where their vehicle are kept, and, monitoring (tracking device) was place on plaintiff car for purpose of movement being under surveillance.

19. Defendant was acting with malice to intentionally cause harvoc to the state of being to plaintiff.

## Varified Statements of Facts

20. After making a Complaint conserning defendants misconduct, by tactics of harassment to arrests of a grandson, who is now incarcerated resided, also in the county of Kings, after which a wide range of Police Officers/associates, begin to stalk my home, and place of work.

21. The stalking continued initially immediately after the complaint unknown to me.

22. On September 6, 2009, as plaintiff exit my vehicle to visit a granddaughter she witnessed a marked Police car from the 73rd Precinct speeding down the street of the residence.

23 Upon arriving back to my vehicle, plaintiff witness a Police Officer walking speedingly towards the back of my vehicle.

24. Once He saw me he immediately stop and begain to look upon the ground as if looking for somthing in a circular movement rapidly.

25. After returning into the residence, I returned to sit in the yard to altered garments, and was distracted after seeing a yellow curtain blowing through a school window across the street, which

my granddaught resides

26. Being distracked by the curtain blowing through the window I turned around quickly to see an arm on the 2nd floor of the school window jump out of view quickly.

27. Knowing the school was closed for summer recess, Plaintiff walked to the front of it and saw (2) marked blue and white defendants cars, parked in front of the school with a dark gray government car parked between the (2).

28. Upon plaintiff return to the residence, she notice a 3rd blue and white marked Police car from the 73rd Precinct parked on the opposite side of the street from the school.

29. Realizing I maybe under surveillance by Police, Plaintiff began to notice patterns in display of odd behavior.

30. Thereafter, plaintiff begin to notice, when ever she arrived at a desstination to heer car, she would find someone pacing backward wand forward near it, while during the month of January 2009 to April 2009, plaintiff was comfronted with various incidents in patterns of being bombarded with individuals who followed plaintiff every movement day and night.

31.   Knowing what was occurring by all the constant incidents, begaining with women, followed later by men who would be standing in front of plaintiff home directly across the street to be obvious seen, or standing on the corner, as I past in an intimidating manner on the weekend a person would drive up just as plaintiff would be walking through the courtyard of her residence. When arriving at work plaintiff would be comfronted with the same encounter of by men sitting in cars, in front of my, place of work, and after I leave.  Plaintiff began to take pictures, and keep a record of the vehicle license tag number of all occurrence.

32.   This study flow of being conveyed upon by those whom plaintiff knew to be Police, because somehow they would reveal a padge, or in a few instance a gun.  Some I realized my have been solicitors sent to intimidate, and stalk plaintiff.

33. These incidents were too unusual to ignore, and to obvious to dismiss.  Plaintiff soon realized, after focusing on all incidents, of late that an attempt had been made against her life on September 6, 2009, by defendants from the in side of a school

across the street from a family member residence.

34. Plaintiff, also realized after (2) more separate incidents, there was no doubt, at least (3) attempts to cause injury or her death had occurred.

35. The 2nd being April 1, 2010, after plaintiff front tire on the driver side was laced with some sort of acid.. This acid caused the tire to shredding debris along the road as it eroded into a blow out from contraction of heat as it was being driven. There was at least 7 flat tires, which were unusual, that occurred over a (2) month span before the blow out from the acid occurred.

36. On April 22, 2010 after visiting with a friend in the neighborhood, plaintiff was confronted with 5 men of suspicious nature (l) lottering immediated at the site of residence of a friend after she exit the yard plaintiff was visiting.

37. Plaintiff was sure these men lottering about the area in (2) separate cars as, (2) others was standing, out side of the cars, (1) at the car with the door open as the other stood closely against the fence of a house adjoing the house of plaintiff friend and the house adjoing it. As plaintiff step down from the yard, plaintiff

was met face to face with a 3rd man who was walking slowly as if tensed shinning a small flash light upon the house, seeking the house number. He were so involve into what he was doing he did not, it seem he reconized Plaintiff she concluded. After he seem to reconize the plaintiff, he slowly lowered the flash light, as if to hide it, making plaintiff aware of the entire schene. The other (2) men remain sitting in the cars (1) car space behid the other, as the man who stood up against the fence were position in the middle of the (2). Plaintiff realized the schene was a possible attempt to kidnap her that night were in place.

38. After Plaintiff immediately became aware of the schene, Plaintiff immediately crossed over to the other side of the streets.

39. The man with the flash light immediately turned and walked back towards the direction, which he came.

40. As they both walked, watching the other from opposite sides of the street, the perpetrator seem unrelenting to let go, of his agender as he appeared to make several attepts to persue plaintiff, thou, both had made their way to the main street that

was brightly lighted. The residence, plaintiffI visited location was very dark due to the trees blocking the light.

## Claims

41. As a result plaintiff has lost her priviledges to feel free to walk in public without having to constantly be on guard against any unusual stalkers.

42. Plaintiff does not have the priviledges to go out as beforeor come home too late during the evening.

43. These form of stalking, intimidating, and harassing of menacing has caused family member and friends to be under

44. This dilemma has deprived plaintiff of all freedom pertaining to include freedom of speech under the Constitution.

45. Plaintiff have encure unneccassary expensive for safety purpose for her car, and lost funds to replace driver side window due to being broken into.

46. Plaintiff have concerns for the safety of her grandsons who is not safe due to the many various attacks upon him, while incarcerated along with the others who are harassed by Police as

they go about their business walking the street backward and forward the streets to their destination.

Plaintiff acknowledge the City of New York, and the Police Department bear the responsibility for the behavior of those who are employee, and their lack to monitor their preformance is such sensitive enviornment is unaccetable. Plaintiff has notified both agency of these infraction, by filing notice of claim with the City of New York and by writing the Commissioner of the Police Department Raymond Kelly. Since the patterns in behavior of the defendants did not cease plaintiff filed this litigation as a last result to alleviate this violation of Constitutional right.

Ms. Paige is seeking remedy for pain and suffering of Mental Anguished with Cruelty in damages of $50.000.000.00.

**JURY TRIAL DEMANDED**

4/4/11

*Bettie Paige*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Bittie Paige

                      Plaintiff,                Affirmation of Service

      -against-

N.Y C et Al                        10 cv 3773

                    Defendant.
----------------------------------------X

I, Bettie Paige, declare under penalty of perjury that I have

served a copy of the attached _____

upon _____

whose address is. _____

_____

Dated: 4/4/11
      New York

_Bittie Paige_
Signature

225 Styling Pl
Address

B'klyn, N.Y. 11238
City, State, Zip Code