UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BETTIE PAIGE-EL,

                          Plaintiff,

    -against-                                 **MEMORANDUM AND ORDER**

CITY OF NEW YORK, *et al.*                  10-CV-3773 (SLT)(LB)

                          Defendants
------------------------------------------------------------------x

**TOWNES, United States District Judge:**

Plaintiff Bettie Paige, proceeding *pro se*, commenced the instant action under 42 U.S.C. § 1983 against the New York City Police Department, the City of New York, Detective Thomas Donohue, and Police Officers Peter Congalosi and Jarrod Herbert alleging various violations of her rights under the Fourth Amendment. This Court dismissed all claims against the New York City Police Department, the City of New York, Detective Thomas Donohue, and unnamed and unidentified officers in its March 30, 2012 Memorandum and Order on Defendants' first motion to dismiss the complaint. In that Order, the Court gave Plaintiff leave to replead her claims against Police Officers Congalosi and Herbert (collectively, "Defendants"). Plaintiff filed her Second Amended Complaint on May 7, 2012. Currently before the Court is Police Officers Congalosi and Herbert's motion to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Officers Congalosi and Herbert's motion is granted in part and denied in part.

**Legal Standard**

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

1

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). In *Iqbal*, the Supreme Court clarified that *Twombly* sets out a two-pronged approach for district courts considering motions to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678-79. District courts should first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The Court is generally limited to the "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). As plaintiff proceeds *pro se* this Court construes the complaint liberally.[1]

---

[1] It is well established that "submissions of a *pro se* litigant must be construed liberally" and "it [i]s the obligation of the district court ... to interpret [a *pro se* plaintiff's] complaint to raise the strongest arguments that they suggest" because "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal citations and punctuation omitted). "At the same time, [the district court] cannot read into *pro se* submissions claims that are not 'consistent' with the *pro se* litigant's allegations" nor does *pro se* status "exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* at 477 (internal citations and punctuation omitted).

**Background**

Plaintiff commenced this action on August 13, 2010 by filing a prolix complaint. She filed an Amended Complaint on April 4, 2011, alleging that (i) that Officers Congalosi and Herbert falsely arrested Plaintiff and members of her family, (ii) that certain unidentified police officers violated her expectations of privacy by means of harassment, intimidation, and surveillance, and attempted to murder her, and (iii) that certain unnamed and unidentified individuals repeatedly damaged to the tires of her vehicle and later attempted to kidnap her. On August 1, 2011, Defendants moved to dismiss the instant action pursuant to Fed. R. Civ. P. 12(b)(6). On March 30, 2012, this Court granted in part and denied in part Defendants' motion and dismissed: (1) all claims against the New York City Police Department and the City of New York; (2) all claims against Detective Thomas Donohue and against unnamed and unidentified police officers, including claims asserting unlawful surveillance and attempted murder; and (3) the false arrest claim against Officers Congalosi and Herbert. The Court declined to dismiss Plaintiff's claim for unlawful electronic surveillance alleged against Officers Congalosi and Herbert. The Court also granted Plaintiff leave to replead her threadbare claims that Officers Congalosi and Jarrod falsely arrested her after subjecting her to an unlawful traffic stop.

On May 7, 2012, Plaintiff filed a Second Amended Complaint, which again alleges that Plaintiff's car was stopped by Officers Congalosi and Herbert without probable cause on September 15, 2008, after which she was arrested, and in connection with her arrest, "monitoring devices for tracking and listerning [sic] was [sic] placed on [her car]." (2d Amd. Compl. ¶¶ 14-25.) Based on these events, Plaintiff asserts claims against Officers Congalosi and Herbert for:

    a. Illegally arresting a living being under pretext to cover up their true reason for the wrongful stop.

  b. Placing monitoring device for tracking of whereabouts of litigants at all times, and a listerning [*sic*] device on Automobile to access listerning [*sic*] to conversation of Litigants.

  c. Falsely filing a criminal complaint and/or lying committing perjury during a sworn statement made on an Affidavit by placing signature on it.

(*Id.* at ¶¶ 63-72.) Construing Plaintiff's *pro se* complaint liberally, Plaintiff asserts three § 1983 Fourth Amendment claims against Officers Congalosi and Herbert, namely claims that: (1) she was subject to an unlawful traffic stop; (2) she was falsely arrested; and (3) her car was tracked without a warrant by GPS surveillance technology. Plaintiff's Second Amended Complaint also re-alleges a number of claims from Plaintiff's prior pleadings that this Court has already dismissed, including claims that unnamed and unidentified police officers, as well as officers who are not defendants in the instant action, conspired to murder and kidnap Plaintiff and her family. As this Court has already dismissed those claims without granting Plaintiff leave to replead, they are deemed dismissed and this Court will not re-address them in this Order.

## Discussion

### A. Unlawful Traffic Stop

  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of the Fourth Amendment." *Whren v. United States*, 517 U.S. 806, 809–10 (1996).

  Consistent with the Fourth Amendment, "the police can stop and briefly detain a person for investigative purposes." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Such a detention is known as a *Terry* stop and requires that "the officer [have] a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,'

even if the officer lacks probable cause." *Id.* (quoting *Terry*, 392 U.S. at 30); *see also United States v. Jenkins*, 452 F.3d 207, 212 (2d Cir. 2006). In other words, "[a]n investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion...." *Ornelas v. United States*, 517 U.S. 690, 693 (1996) (citation omitted). "The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause." *Id.* at 696. The Supreme Court has "described reasonable suspicion simply as 'a particularized and objective basis' for suspecting the person stopped of criminal activity...." *Id.* at 695–96 (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)).

Plaintiff alleges that she was driving on Fulton Street in Brooklyn, Kings County, New York on September 15, 2008 when she was unlawfully pulled over by Officers Congalosi and Herbert. According to her complaint, moments earlier, the car in front of her had made an illegal right turn on a red light, and a car behind her was "rushing to pass," so she had temporarily pulled off to the side of the road. As she "resume[d her] travel [she] heard a siren approaching behind [her] Automobile, but continued traveling. When a voice from the Police Cruiser[]announced 'Pull Over[,]' [she] did so[. Her car was] approached by Congalosi, who asked for all credential [*sic*] pertaining to the proper order involing [*sic*] registrating [*sic*] [her] Automobile." (*Id.* at ¶¶ 16-17.) Plaintiff alleges that "the illegal stop were [*sic*] not about automobile [*sic*] being insured as professed by defendant," but rather, she was stopped "in retaliation ... for filing Complaints with the 'Civilian Complaint Review Board' due to use of excessive force [by police officers against her grandson]." (*Id.* at ¶ 20). Construing Plaintiff's

5

*pro se* complaint liberally, Plaintiff has sufficiently pled that she was stopped without reasonable suspicion.

Defendants assert that, even assuming that the stop was unlawful, Defendants had probable cause to arrest Plaintiff when she failed to produce a valid driver's license, and thus, "she would be unable to recover any damages for the momentary period between when her vehicle was stopped and when she was unable to produce her driver's license ... [and the unlawful] seizure and search of [P]laintiff's vehicle might at most support nominal damages." (Def.'s Br. at 10). However, "[c]ourts have long recognized the importance of a nominal damages award as a means for a plaintiff to vindicate a violation of his or her rights even in the absence of compensable injury." *Vilkhu v. City of New York*, 06-CV-2095 CPS JO, 2009 WL 537495, at *5 (E.D.N.Y. Mar. 3, 2009) (collecting cases); *see also Amato v. City of Saratoga Springs*, 170 F.3d 311, 320 (2d Cir. 1999) ("Precisely because nominal damages afford a litigant vindication of the deprivation of his constitutional rights, the decision to dismiss a plaintiff's claim against a municipality because only nominal damages are at stake is error."). Accordingly, the portion of Defendants' motion to dismiss directed at Plaintiff's Fourth Amendment claim alleging an unlawful stop is denied.

### B. False Arrest

To establish a claim for false arrest under § 1983, a plaintiff must show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quotation marks and citations omitted, alteration in original). "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Id.*

In its March 30, 2012 Memorandum and Order, this Court granted Plaintiff leave to replead her threadbare false arrest claims. In her Second Amended Complaint, Plaintiff again alleges that on September 15, 2008, after "creating a small 'Riot'," Plaintiff and her family were arrested and "driven to the 81st Precinct, where Litigant Automobile [*sic*] was also, driven there also, [*sic*] and parked on the grounds where Police Cruisers[] and Detective vehicles were kept." (2d. Amd. Compl. ¶¶ 22-24.) Based on these facts, she alleges that Officers Congalosi and Herbert "[i]llegally arrest[ed her] to cover up their true reason for the wrongful stop ... [and f]alsely fil[ed] a criminal complaint [against her] ...." (2d Amd. Compl. at ¶¶ 63-72.)

Plaintiff does not plead on what charges she was arrested, nor the ultimate disposition of those charges. Moreover, she does not allege facts sufficient to support an inference that the officers acted without probable cause. Thus, Plaintiff's threadbare recitations of fact and legal conclusions are insufficient to survive Defendants' motion to dismiss.

### C. *Warrantless GPS Tracking of Plaintiff's Car*

In her complaint, Plaintiff alleges that after she was arrested, her car was driven to the 81st Precinct, where it "was searched again" and "monitoring devices for tracking and listerning [*sic*] was placed on it for purposes of movement while being under surveillance illegally." (2d Amd. Compl. ¶ 24.) Plaintiff has failed to make out a cognizable § 1983 claim based on warrantless GPS tracking against any defendant in this action. Plaintiff has not alleged that either of the defendants – Officers Congalosi or Herbert – placed the alleged monitoring devices on Plaintiff's car, or caused those monitoring devices to be placed on Plaintiff's car, or even knew that monitoring devices were placed on Plaintiff's car. Nor has Plaintiff alleged that either of the defendants in this action used any tracking or listening devices to track Plaintiff's location or listen in on Plaintiff's conversations.

This Court denies Plaintiff leave to replead her warrantless GPS tracking claim because any such claim would be futile. Any officer who placed a tracking device on Plaintiff's car in September 2008 would be entitled to qualified immunity. Qualified immunity protects officers from civil liability if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotations, citations omitted). An officer's "conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al–Kidd*, 131 S.Ct. 2074, 2080, 2083 (2011). "The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in [the] defendant's position should know about the constitutionality of the conduct." *Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998).

It was not until January 23, 2012 that the United States Supreme Court held that attaching a GPS tracking device to a vehicle and subsequently using that device to monitor the vehicle's movements constitutes a "search" within the meaning of the Fourth Amendment. *United States v. Jones*, 132 S. Ct. 945, 949 (2012). Before then, the general rule was that "[e]lectronic surveillance of an individual's location as he travels in public [is not] ... a Fourth Amendment search." *In re U.S. for an Order Authorizing the Release of Historical Cell-Site Info.*, 809 F. Supp. 2d 113, 116 (E.D.N.Y. 2011) (citing *United States v. Knotts*, 460 U.S. 276, 280-85 (1983)); *see also Morton v. Nassau Cnty. Police Dep't*, 05-CV-4000 (SJF)(AKT), 2007 WL 4264569, at *3-4 (E.D.N.Y. Nov. 27, 2007) (holding, where a "GPS Device was attached to Plaintiff's car by the Defendants," that there was no "unreasonable search or seizure in violation of the Fourth Amendment," (citing *Knotts*, 460 U.S. at 281)). Thus, even assuming that the

defendants in this action attached a GPS tracking device to Plaintiff's car in 2008, those defendants would be entitled to qualified immunity because there was no clearly established Fourth Amendment right to be free of GPS vehicle tracking at that time. Accordingly, Plaintiff is denied leave to replead her § 1983 claim alleging that the police used GPS tracking on her vehicle in violation of her Fourth Amendment rights.

## Conclusion

For the forgoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff may only proceed with her claim alleging that she was subject to an unlawful traffic stop. Plaintiff's remaining claims are dismissed.

**SO ORDERED.**

S/
/SANDRA L. TOWNES
United States District Judge

Dated: September 26, 2014
Brooklyn, New York